UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID Rodriguez, Individually and on Behalf of all Others Similarly Situated,<br><br>        Plaintiff<br><br>- against -<br><br>WELLWOOD 600 ASSOCIATES, L.P. and DOLLAR TREE STORES, INC.,<br><br>        Defendants | 24 Civ. 6581<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff DAVID RODRIGUEZ, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants:

**NATURE OF THE CASE**

1. Despite the clear mandate of a law that has been in place for 34 years, Defendants have decided not to remove the unlawful architectural barriers present at their public accommodation. Instead, Defendants have implemented a policy to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of their public accommodation.

2. Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Executive Law § 296 *et seq.*, and New York State Civil Rights Law § 40-c.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

1

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

## PARTIES

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Suffolk County, New York.

9. Defendant WELLWOOD 600 ASSOCIATES, L.P. is a foreign limited partnership authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

10. Defendant WELLWOOD 600 ASSOCIATES, L.P. is the owner of the commercial property which houses a public accommodation named Dollars Tree located at 660 N. Wellwood Avenue, Lindenhurst, New York.

11. Defendant DOLLARS TREE STORES, INC. is a foreign domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

## CLASS ACTION

12. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of the ADA and New York State Executive Law.

13. Plaintiff complaining for himself and all others similarly situated residents in Suffolk County and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14. References to "Plaintiff" shall be deemed to include the individually named Plaintiff, and each member of the Class, unless otherwise indicated.

## STATUTORY SCHEME

15. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 500,000 residents of Long Island live with an ambulatory disability.

16. The ADA and New York State Executive Law recognize individuals with disabilities as a protected class.

17. It is unlawful for a private entity which owns, leases to or operates a place of public

accommodations to discriminate against an individual with a disability.

18. The ADA and New York State Executive Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

19. Construction and accessibility alterations made on or after March 15, 2012, must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as "2010 Standards").

20. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as "1991 Standards").

21. Public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

22. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA and New York State Executive Law.

23. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

24. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA and New York State Executive Law. A property lease which contain contradictory language is superseded by the ADA.

25. Discriminatory intent is not required to establish liability under ADA and New York

4

State Executive Law.

## FACTUAL BACKGROUND

26. Plaintiff is paralyzed and cannot walk. As a result, he uses a wheelchair for mobility.

27. Defendant WELLWOOD 600 ASSOCIATES, L.P. owns or leases the commercial property which houses the public accommodation named Dollars Tree located at 660 N. Wellwood Avenue, Lindenhurst, New York (hereinafter 'facility').

28. Defendant DOLLARS TREE STORES, INC. owns or operates the public accommodation named Dollars Tree located at 660 N. Wellwood Avenue, Lindenhurst, New York.

29. Plaintiff resides less than 4 blocks away from Defendants' public accommodation and is frequently near Defendant's facility.

30. In 2022, 2023, and 2024, Plaintiff had visited Defendants' public accommodation, however, he has had difficulties entering the public accommodation because of their unlawfully inaccessible doors.

31. The entrance and exit doors at the public accommodation are 2 doors in a series. Each door has a closer. Therefore, if you push open and release the door, it closes by itself.

32. Defendants entrance and exit doors require too much force to open.

33. Defendants entrance and exit doors close at an unlawfully excessive speed.

34. There is insufficient space and maneuvering clearance to open the second entrance door. Consequently, without the assistance of other people, Plaintiff is unable to enter the public accommodation.

35. There is insufficient space and maneuvering clearance to open the second exit door. Consequently, without the assistance of other people, Plaintiff is unable to exit the public

5

accommodation.

36. Plaintiff resides less than 4 blocks miles from Defendant's public accommodation and is frequently near it.

37. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

38. Plaintiff has the intention to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible to and usable.

39. The removal of existing architectural barriers is readily achievable.

40. To date, Defendants have failed to remove the architectural barriers.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)
(Injunctive Relief)

41. Defendants' retail store named Dollars Tree located at 660 N. Wellwood Avenue, Lindenhurst, New York is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

42. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

43. It is not impossible for Defendants to remove the architectural barriers which exist at its public accommodation.

44. Defendants' public accommodation was first occupied after January 26, 1993.

45. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. An accessible entrance is not provided within the site from accessible parking

6

      spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the 2010 Standards § 206.2.1.

      b.      There does not exist an accessible route to enter its public accommodation in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

      c.      An accessible means of egress is not provided in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

      d.      At the main and exit doors, there is less than 48 inches plus the width of the door swinging into the space of distance between the 2 hinged doors in series in violation of the 1991 Standards 4.13.7; 2010 Standards § 404.2.6.



      e.      The closing speed of the entrance doors are too fast in violation of the 2010 Standards § 404.2.8.

      f.      The force to push open the entrance doors exceed 5 pounds in violation of the 2010 Standards § 404.2.9.

46.      Upon information and belief, since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

47.      Upon information and belief, Defendants have made construction and accessibility

7

alterations to the commercial space which houses the public accommodation named Dollars Tree located at 660 N. Wellwood Avenue, Lindenhurst, on or after March 15, 2012.

48. Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standard and 2010 Standard.

49. Defendants failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities in violation of 42 U.S. Code § 12183(a)(2).

50. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use wheelchairs.

51. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

52. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

53. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

54. Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

55. Defendants have not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

56. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

57. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

58. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

59. Defendants should have achieved accessibility by January 26, 1992.

60. The barriers to access Defendant's public accommodation continue to exist.

61. Reasonable modification exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

62. Reasonable modification could be made which do not fundamentally alter the nature of

the Defendant's program or activity.

63. The removal of existing architectural barriers is readily achievable.

## SECOND CAUSE OF ACTION
**(Violations of New York State Executive Law)**

(Injunctive Relief and Damages)

64. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

65. Defendants' facility named Dollars Tree located at 660 N. Wellwood Avenue, Lindenhurst, New York is a public accommodation within the meaning of New York State Executive Law § 292(9).

66. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Executive Law § 296.

67. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

68. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from, or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

69. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable, or not acceptable, desired or solicited.

70. Defendants and its agents discriminated against Plaintiff in violation of New York State Executive Law § 296.

71. Defendants discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Executive Law § 296.

72. As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Executive Law, Plaintiff has suffered and continues to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

### THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)

(Statutory Damages on Behalf of Plaintiffs)

73. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

74. On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

75. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

76. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

77. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

### FOURTH CAUSE OF ACTION
### (Declaratory Relief)

78. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

79. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

### INJUNCTIVE RELIEF

80. Issue a permanent injunction enjoining Defendants from disability discrimination.

81. Issue a permanent injunction ordering Defendants to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

82. Issue a permanent injunction requiring Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

A. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Executive Law, and Title III of the ADA.

B. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, and New York State law, and its implementing regulations and declaring the rights of Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

C. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

12

D. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

E. The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

F. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendants violation of New York State Executive Law.

G. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

H. For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: September 18, 2024

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X _____*J-B*_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com